Karma LOBSANG, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 03–73517.

United States Court of Appeals, Ninth Circuit.

Submitted April 15, 2005.**

Decided April 28, 2005.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Pardeep Singh Grewal, Oakland, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA; and Linda S. Wernery, Esq., Linda S. Wernery, Esq., and William K. Olivier, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, BEEZER, and O'SCANNLAIN, Circuit Judges.

### MEMORANDUM ***

Karma Lobsang, a native and citizen of Tibet, petitions for review of the decision of the Board of Immigration Appeals (the "BIA") summarily affirming the immigration judge's ("IJ") order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Because the BIA adopted the IJ's reasoning in its decision, we must look to the reasoning of the IJ's decision.

Substantial evidence supports the IJ's conclusion that Lobsang did not testify credibly regarding his status as a Buddhist monk and his arrest, and the arrests of his father and mother, by the Chinese police. There were numerous inconsistencies and omissions in his asylum application and his testimony regarding his status as a monk, his education, his place of residence and the circumstances and dates of the arrests. Accordingly, Lobsang failed to establish eligibility for asylum and failed to satisfy the more stringent standard for withholding of removal. *Mejia–Paiz v. INS*, 111 F.3d 720, 725 (9th Cir.1997).

Substantial evidence also supports the IJ's conclusion that Lobsang is not entitled to relief under CAT because he failed to demonstrate, including by credible testimony of past torture or evidence of current country conditions, that it is more likely than not that he will be tortured if returned to China or that he could not relocate to a part of the country where he is not likely to be tortured. *See Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir.2001).

DENIED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.